[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On August 5, 1995, the plaintiff was injured in a motor vehicle accident in New Haven. The tortfeasor was insured by Government Employees Insurance Company ("GEICO"), which settled the plaintiff's claim for the full amount of its policy.
At the time of the incident, the plaintiff was an insured of Atlantic Casualty Insurance Company ("Atlantic"), and the policy included underinsured motor vehicle coverage. Plaintiff, through his attorney, communicated with Atlantic, which eventually denied coverage. based on its contention that the plaintiff settled his claim with the tortfeasor without Atlantic's consent in violation of the terms of the policy. The plaintiff then brought this action seeking benefits pursuant to the underinsured motorist provisions of the policy.
The defendants have now moved to dismiss based on an alleged lack of personal jurisdiction. They point out that it is undisputed that the plaintiff is a resident of North Carolina, that the defendant maintains a corporate office in North Carolina, and that it was that office that issued the insurance policy in question to the plaintiff. Atlantic maintains no offices, agents or business facilities in Connecticut, owns no property in the State, has never been licensed in Connecticut, CT Page 13111 has not issued any policies of insurance on risks located in Connecticut, it has not transacted any business in this State. (See General Statutes Section 38a-271(a)).
Connecticut uses a two part inquiry to determine whether there is personal jurisdiction over a foreign corporation.Frazer v. McGowan, 198 Conn. 243, 246 (1986). The first inquiry is whether the applicable long-arm statute authorizes the assertion of personal jurisdiction over the defendant. If it does, the court must next determine whether the exercise of personal jurisdiction would violate constitutional principles of due process. Id.; Hart, Nininger and Campbell Associates, Inc.v. Rogers, 16 Conn. App. 619 (1988).
General Statutes Section 38a-25(a)(7) permits service of process on "unauthorized insurers . . . who directly or indirectly do any of the acts of insurance business as set forth in subsection (a) of Section 38a-271." There does not appear to be any serious dispute over the fact that the defendants did not directly or indirectly do any of the acts described in that statutory section. The plaintiff, however, points to Connecticut's general Long-Arm Statute, General Statutes Section 52-59b, which authorizes the exercise of personal jurisdiction over any company which: "(1) transacts any business within the state; or (2) commits a tortious act within the state, . . . or (3) commits a tortious act outside the state [and] expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . ."
The plaintiff argues that Atlantic's communications with his Lawyers following the accident constituted the transaction of business within the meaning of the Long-Arm Statute. The plaintiff, however, has offered no convincing authority for the proposition that the mere response by letter to the notice of claim made by plaintiff's attorney can constitute "the transaction of business." Indeed, there is persuasive authority to the contrary. Batton v. Tennessee Farmers Mutual InsuranceCompany, 153 Ariz. 268, 736 P.2d 2 (1987). See Also Spicer'sInternational, Inc. v. WJMK, Inc., 1993 WL 427355 (Conn.Super.) (Moraghan, J.).
Additionally, and assuming, arguendo, that Section 52-59b, rather than Section 38a-25(a) is the appropriate Long-Arm Statute, the plaintiff's effort to fit himself within the general CT Page 13112 Long-Arm Statute by reference to the defendant's conduct as "tortious" is unavailing. At oral argument, the court invited the plaintiff to specify which tort it was that the defendant allegedly committed, and the plaintiff acknowledged that he could not do so. Additionally, the court noted that all twelve counts of the plaintiff's complaint are based on breach of contract and statutory claims and do not set forth causes of action grounded in tort.
The plaintiff alleges that his contract with the defendants provided for underinsured motorists coverage no matter where he was located within the continental United States. While this statement is true, it does not bring the defendants within the reach of our Long-Arm Statute. It only means that the plaintiff is free to bring his action against the defendant in North Carolina or in any other state in which the defendants do business. An insurer's "agreement to defend and indemnify its insured in any state does not imply an agreement to allow its insured to bring suit [against it] in any state." Bahn v.Chicago Motor Club Insurance Company, 98 Md. App. 559, 575,634 A.2d 63, 71 (1993). See also Batton v. Tennessee Farmers MutualInsurance Company, 153 Ariz. 268, 736 P.2d 2 (1987).
For all the above reasons, the defendants' motion to dismiss is granted.
Jonathan E. Silbert, Judge